[No. A033106. First Dist., Div. Four. May 29, 1986.]

GARY WAYNE ROBINSON, Petitioner, v.
THE SUPERIOR COURT OF MENDOCINO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**Counsel**

Ronald W. Brown for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Eugene Kaster and Mark S. Howell, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**ANDERSON, P. J.**—We issued an alternative writ of mandate in this case to examine petitioner's claim of vindictive prosecution.

Petitioner was originally charged in a two-count information with committing a lewd and lascivious act upon his daughter Satasha between November 1, 1980, and November 17, 1984 (Pen. Code, § 288, subd. (a))[1] and with committing oral copulation with Satasha, a person under the age of 14, between these dates (§ 288a, subd. (c)).

At the trial on April 1, 1985, Satasha, age 10, was the principal witness. She testified that, starting when she was 6, her father would sexually molest her when her mother left the house. This would occur as often as three times a week. The last molestation occurred between Halloween and Thanksgiving in 1984, when her mother had taken Satasha's aunt to Willits. When her father started his sexual activity with her, he told her that she would get a spanking if she told. When she was older, he told her to go ahead and tell, knowing that she wouldn't tell her mother. Satasha told no one of this activity of her father until about two weeks after the last incident when she told her mother.

Satasha's mother testified that she had suspected her husband of being involved with another woman partly because he was always trying to get her out of the house. She testified that her husband was in the habit of lying down with Satasha at nighttime. A couple of weeks before Satasha told her of the molestation, Satasha had asked her about girls sleeping with their father. She had reacted angrily, telling Satasha she was not supposed to talk about things like that. Satasha was upset during the ensuing two weeks.

Petitioner, who testified on his behalf, denied any sexual activity with his daughter.

The jury found petitioner guilty and petitioner moved for a new trial. The court granted the motion on the ground that evidence of uncharged offenses had been improperly admitted in evidence.

Thereupon, the prosecution filed an amended information charging 111 counts of lewd and lascivious acts (§ 288, subd. (a)) committed by the petitioner between October 8, 1982, and November 17, 1984. Petitioner moved to dismiss the amended information claiming vindictive prosecution. The trial court granted dismissal of counts 1 through 106 pursuant to section

---

[1]Unless otherwise indicated, all references are to the Penal Code.

995. However, as to counts 107 through 111 which alleged weekly offenses from October 19, 1984, to November 17, 1984, the court denied the motion.

██ Petitioner now seeks a writ of mandate contending that the new charges added in the amended information should be eliminated because they are a result of vindictive prosecution (*In re Bower* (1985) 38 Cal.3d 865 [215 Cal.Rptr. 267, 700 P.2d 1269]; *Twiggs* v. *Superior Court* (1983) 34 Cal.3d 360 [194 Cal.Rptr. 152, 667 P.2d 1165]). The People, in turn, claim that even if the adding of new charges created a presumption of vindictiveness, that presumption was rebutted therein and the decision of the trial court must be sustained. We agree with respondent and deny the peremptory writ.

██ Petitioner, of course, aptly states that under both the federal and state law a presumption of vindictiveness arises where, as in the instant case, the prosecution increases the charges against the defendant after he has successfully asserted his right to a new trial. (*Blackledge* v. *Perry* (1974) 417 U.S. 21, 27-28 [40 L.Ed.2d 628, 634-635, 94 S.Ct. 2098]; *In re Bower, supra,* 38 Cal.3d at p. 878.) ██ However, the outcome of this case does not turn on the above premise. Rather, the critical issue presented to us is whether the facts and circumstances of the instant case are sufficient to rebut the presumption of vindictive prosecution. We believe they are.

██ It is well settled that the presumption of vindictive prosecution may be rebutted with "an explanation that adequately eliminates actual vindictiveness" (*Twiggs* v. *Superior Court, supra,* 34 Cal.3d at p. 374), or by proving "that the increase in the severity of the charges did not result from any vindictive motive" (*United States* v. *Burt* (9th Cir. 1980) 619 F.2d 831, 836), or that the more severe charge was "justified by independent reasons or intervening circumstances which dispel the appearance of vindictiveness" (*United States* v. *Griffin* (9th Cir. 1980) 617 F.2d 1342, 1347). Or as our Supreme Court has recently summarized it: "In order to rebut the presumption of vindictiveness, the prosecution must demonstrate that (1) *the increase in charge was justified by some objective change* in circumstances or *in the state of the evidence which legitimately influenced the charging process* and (2) that the new information could not reasonably have been discovered at the time the prosecution exercised its discretion to bring the original charge." (*In re Bower, supra,* 38 Cal.3d at p. 879, italics added.)

██ ██ ██ In the case at bench the record shows that the new charges were added due to an unexpected change in the state of evidence, i.e., the surprise (although incorrect)[2] ruling of the trial court that the prior

---

[2]We agree with the Attorney General that the testimony of petitioner's course of conduct against Satasha, even though it proved other criminal offenses, was admissible; see discussion, *infra.*

uncharged sex offenses against this same victim had been erroneously admitted. The latter ruling brought about a drastic reduction in the quantum of admissible evidence and thus legitimately influenced the charging decision of the prosecutor. Thus, in light of the totality of the circumstances (*United States* v. *Griffin, supra,* 617 F.2d at p. 1347) it clearly appears that the prosecutor did not increase the original charges in order to penalize the defendant or retaliate for his invocation of his statutory right to move for a new trial, but did simply intend to try the case on the same evidence as he used in the original trial. In this situation, the evidentiary ruling of the trial court must be deemed an intervening unexpected circumstance which ipso facto dispels the appearance of vindictiveness and rebuts the presumption that the new charges were added for revenge or retaliation.

The proposition that the People's proper remedy would have been an appeal from the ruling of the trial court rather than including all the prior uncharged sex offenses in the information, is mistaken. While the prior uncharged sex offenses are admissible in order to prove intent or a common modus operandi (Evid. Code, § 1101, subd. (b); *People* v. *Callan* (1985) 174 Cal.App.3d 1101, 1108-1111 [220 Cal.Rptr. 339]; see also *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 574 [199 Cal.Rptr. 796]; *People* v. *Moon* (1985) 165 Cal.App.3d 1074, 1079 [212 Cal.Rptr. 101]), it is elementary that the above general rule is subject to section 352 of the Evidence Code under which the trial court may exclude relevant evidence if its probative value is outweighed by its prejudicial effect (*People* v. *Thompson* (1980) 27 Cal.3d 303 [165 Cal.Rptr. 289, 611 P.2d 883]) or if its admission will necessitate undue consumption of time. It follows that in order to guarantee the admissibility of the prior conduct the prosecution had no other choice but to charge them in the information. This circumstance, of course, legitimizes the procedure followed by the prosecution and exempts the case from the embrace of vindictive prosecution.

In summary, the reasons set out above are persuasive that the trial court's ruling with respect to the viability of counts 107-111 of the information was correct. The peremptory writ sought by petitioner is denied.

Sabraw, J., concurred.

**POCHÉ, J.**—I respectfully dissent.

After a jury found him guilty of the two felonies with which he was charged defendant moved for a new trial on the ground that his counsel was ineffective in failing to object to testimony of the victim which, as the trial court put it, described "a continuing course of conduct of sex acts over a several year period of time." The trial court granted a new trial, explaining

that if an objection had been made "I would have sustained the objection" and the evidence of other offenses would not have been admitted. Soon defendant was faced with a first amended information which charged not two (2) but one hundred eleven (111) felonies. Not surprisingly the defendant moved to dismiss the one hundred nine (109) new charges on the ground that they were brought vindictively in violation of the due process clause of both the California and United States Constitutions. As to one hundred and six (106) of the new counts that constitutional question was mooted when they were dismissed pursuant to Penal Code section 995. As to the remaining three (3) new charges, the motion was denied. The single reason given was, "I am satisfied that the District Attorney's purpose in adding some of the counts contained in the First Amended Information was to render evidence of their commission admissible at defendant's retrial, rather than to retaliate against defendant because defendant successfully moved for a new trial."

Thus our context is a recharging after jeopardy has attached and a new trial granted. There is no dispute that the presumption of prosecutorial vindictiveness arose as to all but the original two counts that were the subject of the first trial. The only question is whether the trial court's finding that the prosecutor was not subjectively vindictive is sufficient to overcome the presumption under the California Constitution, article I, sections 7 and 15.

A lot of reading is not necessary to decide this. Just one case. Last year the California Supreme Court held that not only is such evidence not sufficient to overcome the presumption it is not even relevant to the determination. (*In re Bower* (1985) 38 Cal.3d 865, 880, fn. 7 [215 Cal.Rptr. 267, 700 P.2d 1269].) There the high court held that the presumption of prosecutorial vindictiveness "*cannot*" be rebutted "by the prosecutor's declaration that he or she was motivated by a reassessment of the evidence against the defendant rather than by any desire to punish the exercise of a protected right." Instead, to rebut the presumption the prosecution "must demonstrate that (1) the increase in charge was justified by some objective change in circumstances or in the state of the evidence which legitimately influenced the charging process and (2) that the new information could not reasonably have been discovered at the time the prosecution exercised its discretion to bring the original charge." (At p. 879.)

Under part one of the *Bower* test—some objective change in circumstances or in the state of the evidence—it is the dissent of Justice Lucas in *Bower* that makes most apparent what the decision holds: that "a bona fide reevaluation of evidence, following a mistrial, is itself insufficient" (at p. 882) as is the "mistrial order itself." Given that undeniably accurate character-

ization of the holding in *Bower* it is difficult to understand how my majority colleagues arrive at the conclusion that an order granting a new trial qualifies.

What the California Supreme Court repeatedly spelled out in *Bower* is that with only one exception the criminal justice process cannot permit a prosecutor—even one acting in the best of good faith and with the purest of motives—to increase the charges against a defendant who has successfully exercised either a constitutional or a procedural right after jeopardy has attached. The reason is that a process which permitted such late charging "would have a chilling effect upon the assertion of those rights and could undermine the integrity of the entire proceeding." (At p. 878.) That is so because if such charging were allowed the defendant would be deterred from exercising such a constitutional or procedural right. It is for this reason that the "only" exception (*ibid.*) allowed to this rule is one that has nothing to do with the credibility or good faith of the prosecutor but is the "situation in which the prosecuting authority can show that 'it was *impossible* to proceed on the more serious charge at the outset.'" (At pp. 878-879, italics added, citations omitted.) Because impossibility is the only exception the Supreme Court held that the subjective motivation of the individual prosecutor is not relevant. (At p. 880, fn. 7.)

Here no impossibility has even been hinted at and the sole basis for the order is the trial court's belief concerning a matter that is irrelevant: the subjective motivation of the individual prosecutor.

Because the prosecution did not rebut the presumption of prosecutorial vindictiveness which arose from its filing of more than a hundred new felony charges against defendant after he had been granted a new trial I would grant the peremptory writ ordering that all new charges contained in the first amended complaint be dismissed.

A petition for a rehearing was denied June 19, 1986. Poché, J., was of the opinion that the petition should be granted. Petitioner's application for review by the Supreme Court was denied August 14, 1986.